## WINDHAM, ET AL. v. COATS, USE, &c.

1. Upon an appeal from a justice of the peace, the defendant and his sureties acknowledged that they were bound unto the plaintiff in a definite sum " for the payment of the principal, costs, charges, and all expenses attending the suit," between the plaintiff and the defendant, and that the latter had " appealed from the justice's court of Beat No. 3, for the county," &c. to the Circuit Court, to be holden, &c. *Held,* that although the bond does not conform literally to the act, yet it was substantially sufficient, and was equivalent to a condition " to prosecute the appeal to effect, and in case the appellant be cast therein, to pay and satisfy the condemnation of the Court."

2. The sureties in an appeal bond, are not liable beyond its penalty, and if a judgment is rendered for a greater amount, though objected to, in the primary Court, it will be reversed on error.

3. The clerk of a Court is not authorized, without the consent of the plaintiff, to receive *before judgment,* the amount for which the sureties of the defendant are liable, and thus discharge them.

Writ of error to the Circuit Court of Coosa.

THIS was a suit instituted before a justice of the peace, at the instance of the defendant in error, against the plaintiff, Windham, for the recovery of $5 6 1-4. A judgment was rendered against Windham, for the amount claimed, with interest and costs. Thereupon he entered into a bond with his co-plaintiffs, Rose and Beard, as his sureties, of which the following is a copy, viz: "Coosa county, State of Alabama, know all men by these presents, that we, Stephen Windham, Howell Rose, our heirs, executors and administrators, are firmly held and bound in the

full sum of twenty dollars, for the payment of the principal, costs, charges, and all expenses attending the suit between Nathan Coats, the plaintiff, and myself, Stephen Windham, the defendant, in which I have appealed from the justice's court, of Beat No. three, for the county aforesaid, to the Circuit Court, to be held for the County aforesaid, at the town of Rockford, on the third Monday in April, in the year of our Lord one thousand eight hundred and forty-four, this, the third day of February, 1844." Signed and sealed by Windham, Rose and Beard, and attested by the justice of the peace who rendered the verdict.

The plaintiffs in error objected to the rendition of a judgment against them on the bond, because it did not conform to the statute, and because, previous to the disposition of the case against Windham, he fully paid to the clerk of the Court, the amount of the penalty of the bond. But their objections were overruled, and the judgment rendered against all the obligors in the bond, for the sum of $5 39, debt and interest, eighty cents damages, and all costs, amounting to $193 35.

S. HEYDENFEDDT, for the plaintiff in error, insisted that the bond was not such as the statute requires, and no summary judgment could be rendered upon it. [4 Ala. Rep. 315.] That even if it was good, no judgment could be rendered upon it beyond the amount of the penalty. [6 Ala. Rep. 476.]

No counsel appeared for the defendant.

COLLIER, C. J.—It is provided by statute, that any person aggrieved by the judgment of a justice of the peace, may, within five days thereafter, appeal to the next superior Court, sitting for his county, first giving to such justice, bond, with good security, in double the amount of such judgment, conditioned to prosecute such appeal to effect; and in case he be cast therein, to pay and satisfy the condemnation of the Court. The bond in the present case, does not conform literally to the act, but we think it substantially sufficient. It recites the names of the parties to the judgment before the justice, states that the defendant had appealed, contains a specific penalty, which is no doubt for the proper sum, and if not, the obligors upon the state of the record, cannot object to it. The bond is an acknowledgment that the obli-

Windham, et al. v. Coates, use, &c.

gors are bound in the penalty designated, for the payment of the principal, costs, charges, and all expenses attending the suit. This we think equivalent to a condition *in totidem verbis, to prosecute the appeal to effect, and in case the appellant be cast therein, to pay and satisfy the condemnation of the Court.*

In McBarnett and Kerr v. Breed, 6 Ala. R. 476, the penalty of the appeal bond was $5 25, this Court said, that we would judicially know, that the costs exceeded the penalty, and beyond that sum the obligors in the bond were not liable. Here the amount of the costs are not left to conjecture, but they are explicitly stated in the bill of exceptions. If no objection had been made and overruled, to the rendition of a judgment by the Circuit Court, for an amount exceeding the bond, we should have regarded the irregularity as a mere clerical misprision, amendable at the cost of the plaintiff in error. But the sureties there appeared by counsel, and resisted a recovery against them, for any thing more than the penalty; and the act of 1824, authorises the revision of the judgment on error. [Clay's Dig. 322, § 55.] The payment of the amount of the bond, to the clerk of the Court, *before judgment,* did not, in itself, absolve the obligors from liability; inasmuch as the clerk had not authority, under the circumstances, to receive the money. [Murray v. Charles, 6 Ala. Rep. 678.] To have made the payment effectual, it should have been shown, that it was assented to by the plaintiff, or that the money was paid over.

The judgment of the Circuit Court must be reversed, and here rendered, that the plaintiff below recover of Windham and his sureties in the appeal bond, the debt, damages and costs, amounting to $20, and for the residue of the costs, the judgment will be against Windham alone.