## CLEMENTS v. CASSILLY et al.

Where, in a bond executed for the release of property attached, three persons are named as principals, but the bond is signed by but one of the principals and a surety, the latter will not be bound, in the absence of evidence to destroy the presumption that he expected the three persons named as principals to be bound as such, or to show that he would have any recourse against them, if he paid the amount.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Perrin* and *Finney*, for the appellant. *Conklin* and *Mott*, for the defendants. The judgment of the court was pronounced by

CLEMENTS
*v.*
CASSILLY.

SLIDELL, J. An attachment having been levied upon the property of the defendant, a bond was given to release it, which was signed by *Fullerton*, as surety. *Cassilly*, *Wooden* and *Babcock* were named as the principals in the bond, but *Wooden* was the only one of the principals who signed. Judgment having been rendered against *Wooden* alone, and a *fieri facias* having been taken out against him without success, a rule was taken against *Fullerton* to show cause why he should not be condemned to pay the amount of the judgment. The district judge discharged the rule, and the plaintiff has appealed.

We are of opinion that the surety is not bound upon this bond, *Cassilly* and *Babcock*, the proposed principals, not having signed it; and there being no evidence to show that the surety would have any recourse against them if he paid the money, or to destroy the presumption that he expected them to be bound as principals. See *Wood* v. *Washburn*, 2 Pick. 24. *Bean* v. *Parker*, 17 Mass. 591.

*Judgment affirmed.*