BAKER and Others *v.* KISTLER.*

BAKER
v.
KISTLER.

Where the only issue in a suit for work and labor, was raised by a general denial, it was *held* that evidence of payment was not pertinent.

*Wednesday,
June 29.*

APPEAL from the *Lagrange* Circuit Court.

DAVISON, J.—*Kistler* sued the appellants, who were the defendants, for work and labor done by him for them, at their request. Defendants answered, by a general denial. Verdict for the plaintiff. New trial refused, and judgment, &c.

During the trial, one *Coffin*, a witness, testified that he had, on his own account, and not for the defendants, paid the plaintiff several hundred dollars—he thought about 400 dollars; that in *August*, 1855, about 100 dollars was due; and that the work was all done for him, and not for the defendants. The testimony of the plaintiff, however, was, that all the work, after *August*, 1855, was done for the defendants. This was all the evidence relative to payment.

After the close of the evidence, the defendants moved to instruct as follows: " The defendants are entitled to all cash payments made. The simple question is—How much is due?" This instruction was refused, and its refusal raises the only question presented in the argument of counsel.

As we have seen, the only issue in the cause, rests upon the general denial; and the correctness of the instruction, depends upon the solution of this inquiry—Was the evidence of payment applicable to the issue?

The code says: " All defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." 2 R. S. p. 42, § 66.

This evidently means, facts which the plaintiff, to sustain his action, is bound to prove; and we have decided

---

* A petition for a rehearing of this case, was filed on the 13th of *July*, and overruled on the 8th of *November*.

that "every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer." And further, "that there is no way in which the defendant can avail himself of the defense of payment, without pleading it." *Hubler* v. *Pullen*, 9 Ind. R. 276, and cases there cited. It is, however, contended that the instruction relates to the evidence; and that that proves a payment by a third person, which should be allowed to inure to the benefit of the defendants, and of which they have a right to avail themselves, under the general denial. We think otherwise. The evidence does not controvert any material allegation in the complaint, and for that reason, it was not pertinent to the issue. *Benedict* v. *Seymour*, 6 How. (Pr. R.) 298.— *Garvey* v. *Fowler*, 5 Sandf. 54.

The instruction, had it been given, would have directed the jury, that evidence of payments—matter which should have been set up affirmatively in bar of the action—was applicable to the issue in the cause. Hence, by refusing it, the Court committed no error.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. B. Howe*, for the appellants.

*A. Ellison*, for the appellee.