KING and Others *v.* BREWER.

Section 11, 2 G. & H., p. 632, does not authorize a recovery upon an appeal bond for a sum larger than the penalty named in such bond.

APPEAL from the *Fountain* Common Pleas.

PERKINS, J.—This was a suit upon an appeal bond. The appeal, upon which the bond was executed, was taken by *Metlee* from a judgment against him, by a Justice of the Peace, in a suit to recover possession of lands unlawfully detained.

The bond was in the penalty of one hundred and sixty-eight dollars. The defendants below contend that that penalty is the limit of their liability on the bond. The plaintiff below, on the appeal, recovered a judgment for

over three hundred dollars, greatly exceeding the penalty in the appeal bond, and he claims that the obligors in the bond are liable for the full amount of the judgment, notwithstanding it exceeds the penalty of the bond. He claims this, not on general principles of law, but on the following provision of the statute:

"On the trial of any cause under this act, either before the Justice of the Peace, or on appeal, the damages for the detention of the premises shall be estimated up to the time of each trial, while damages on appeal by the defendant shall be deemed as covered by the appeal bond." 2 G. & H., p. 632, sec. 11.

In relation to mere matters of private contract, parties may fix the limit to the liability they assume; but if a statute declares that a given liability shall attach upon the performance of a certain act, the parties can not, by private arrangement, restrict that liability. If, thus, the statute says that when a party goes upon an appeal bond, in a given class of cases, he shall be liable to a certain extent, he will be liable to that extent notwithstanding any attempt on his part to lessen his liability. Does the statute declare such liability in this case? It is manifest that the damages to be recovered in a case for the detention of lands must be very uncertain, owing to the uncertainty, in our practice, as to the length of time the case may be pending before a trial can be had. Hence, it would seem almost impossible to fix a penalty in a bond properly adapted to cover such damages. Hence, there is reason for the opinion that the legislature, in this class of cases, intended that appeal bonds might be executed without penalties; and that if they were not, the penalty expressed should be an immaterial part of the obligation.

The Court below held this to have been the legislative intention; and the construction of the section of the statute above quoted, to be such as we have indicated it might be,

and gave judgment against the obligors in the bond to the full amount of the judgment for damages, recovered on the appeal.

If the Court was right in the construction of the statute, the judgment must be affirmed. If wrong, it must be reversed.

It is thought the Court was wrong and that the judgment must be reversed. See sections 9 and 10 of the statute above quoted.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*McDonald* and *Roache*, and *Joseph Ristine*, for the appellants.

*Charles Tyler*, for the appellee.