The Louisville and Nashville Railroad Company *v*. Orr.

## No. 9807.

## THE LOUISVILLE. AND NASHVILLE RAILROAD COMPANY *v*. ORR.

NEGLIGENCE.—*Railroad Company.*—*Defective Machinery.*—*Burden of Proof.*— *Answer.*—*Contributory Negligence.*—*Demurrer.*—*Practice.*— In an action against a railroad company by an employee, to recover for an injury sustained by the use of defective machinery, alleged to have been negligently supplied by said company, the burden of proof, when the complaint is denied, is upon the plaintiff, not only to prove negligence on the part of the company, but to prove the want of it upon the part of the plaintiff, and, therefore, no error is committed in sustaining a demurrer to special paragraphs of an answer which allege matters merely tending to show contributory negligence, as such matters may be proved under the general denial.

SAME.—*Pleading.*—*Practice.*—*General Denial.*—An answer in such case, which alleges that the plaintiff assumed the risk incident to the use of such machinery, is affirmative in its character, and such defence can not be proved under the general denial.

SAME.—*Defective Machinery.*—*Instruction.*—It is error to instruct the jury in such case, that the railroad company is bound to procure for its use the best machinery; and it is also error to instruct that it is negligence to use defective machinery, as such company is only liable for the failure to employ ordinary care and diligence in the selection and use of its machinery.

PRACTICE.—*Supreme Court.*—*Pleading.*—*Harmless Error.*—Where a good paragraph of an answer is held bad, the Supreme Court can not, from an examination of the evidence, say the ruling was harmless; otherwise, where a bad paragraph of an answer was held good and no evidence was offered to support it.

SAME.—*Instruction.*—*Interrogatory.*—An erroneous instruction will not reverse a judgment where the jury, in answer to an interrogatory, find that the facts to which it is applicable do not exist.

From the Superior Court of Vanderburgh County.

*S. B. Vance* and *W. J. Wood*, for appellant.

*A. C. Tanner* and *W. W. Ireland*, for appellee.

BEST, C.—This action was brought by the appellee for personal injuries sustained by him while in the service of the appellant as a bridge builder.

The complaint consisted of three paragraphs. They were

The Louisville and Nashville Railroad Company v. Orr.

substantially alike. Each averred that the appellee was employed as a bridge builder, and, on the 18th of May, 1881, he was assisting to construct a bridge across the Little Wabash river, in the State of Illinois; that, for the purpose of hoisting timbers upon the bridge, the appellant negligently furnished a machine known as a "crab"; that this machine was unsafe and dangerous in this, that it had no thumb-screw, or stop-latch, to prevent it, while hoisting timbers, from flying out of gear and allowing them to fall; that this defect was unknown to the appellee and was well known to the appellant; that, while using this machine in hoisting timbers upon said bridge, without fault or negligence upon appellee's part, the machine flew out of gear, the timbers fell and the slack rope attached to the drum, by reason thereof caught and crushed his arm, to his damage, etc.

The appellant filed an answer of four paragraphs. The first was a general denial, the others were special. The second was as follows:

"For further answer this defendant says, that the alleged defects of the machine mentioned in the complaint were apparent, and readily discoverable by slight examination, and that the plaintiff had the same means of ascertaining its condition as this defendant, and it was his duty to do so, and had he examined it, he could and would have ascertained its alleged defects, and would thereby have been enabled to avoid the danger attendant upon its use. But he negligently and carelessly failed to examine said machine, and the injury complained of by the plaintiff was caused by such neglect, and not by the fault or neglect of the defendant."

The third: "That the plaintiff had been engaged in and about the use of said machine, in the complaint mentioned, for two months before the occurrence of the alleged injury, and was long prior thereto acquainted with its condition and its alleged defects, and the danger attendant upon its use, and that long after he acquired such knowledge of its condition and its said defects, and the danger attendant upon its use, he

continued to work about said machine voluntarily and at his own risk, and without any compulsion or constraint by this defendant."

The fourth : " That when it employed the plaintiff for the work mentioned in his complaint, he represented to the defendant that he had the requisite knowledge and skill for its performance, and the requisite knowledge of the implements and machinery used about said work, and competent skill in their use, and the defendant employed him on the faith of said representations, and in the belief that he had such knowledge and skill, and that the crab, the machine mentioned in. the complaint, is a machine ordinarily used about such work.    But the defendant says the plaintiff was wholly unacquainted with the use of said machine, which fact was unknown to this defendant, and that the injury complained of was caused by his lack of skill and care in the use of said machine, and not otherwise."

A demurrer, for the want of facts, was sustained to each of these paragraphs, and an exception reserved.

The cause was submitted for trial to a jury, and a verdict, with answers to interrogatories, was returned for the appellee. A motion for a new trial was made, overruled, and judgment was rendered upon the verdict.

The errors assigned are, that the court erred in sustaining the demurrers to the second, third and fourth paragraphs of the answer, and in overruling the motion for a new trial.

It is conceded that each paragraph of the answer was good, but it is claimed that there was no error in sustaining the demurrer to them, as the facts alleged in each of them was admissible in evidence under the general denial which remained on file.

The statute provides, that "All defences, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially."    2 R. S. 1876, p. 66, section 66.

This means such facts as the plaintiff must prove in order to maintain his action.    *Hubler* v. *Pullen,* 9 Ind. 273.

It has been decided, that "every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer." *Baker* v. *Kistler,* 13 Ind. 63.

Within the meaning of this rule, the second and fourth paragraphs stated no facts that were not admissible in evidence under the general denial. The burthen of the proof was upon the plaintiff not only to establish negligence upon the part of the defendant, but to establish the absence of it upon his own part. *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 55 Ind. 477 ; *Hildebrand* v. *Toledo, etc., R. W. Co.,* 47 Ind. 399 ; Cooley Torts, page 673.

The facts averred in these paragraphs simply tended to show contributory negligence upon the plaintiff's part, and were, therefore, admissible in evidence under the general denial. No available error was, therefore, committed in sustaining the demurrers to the second and fourth paragraphs of the answer.

The third paragraph is unlike the others. It avers an affirmative defence, proof of which was not admissible under the general denial. The facts averred show that the appellee assumed the risks incident to the use of the defective machinery. This assumption did not constitute contributory negligence, but amounted to an affirmative defence, precisely as an express agreement to assume such risks would have done. The use of defective machinery, under such circumstances as amount to an assumption of the risk, may impose additional care in its use, but the nature of the defence is affirmative in its character, as the assumption of the risk will exonerate the master from liability, though the servant was himself free from negligence. This paragraph was, we think, sufficient, and the court erred in sustaining the demurrer to it.

The appellee insists that if the demurrer was improperly sustained to this paragraph of the answer, an examination of the evidence will show that the appellant was permitted to offer testimony in proof of all the facts averred in it, under the general denial, and that, therefore, he was not injured by

the ruling. We do not think that we can say, from an examination of the evidence, that such ruling was harmless. Where a demurrer is overruled to a defective answer, and no evidence is offered in support of it, we may say that the ruling was harmless; but, when a good answer is held bad upon demurrer, we can not say that because testimony was offered in support of it, under a paragraph which did not authorize its admission, such ruling is thereby rendered harmless. The reason is obvious. If the facts are disputed, we can not say that the evidence establishes them, nor that the party would not have offered further evidence in support of them had the issues authorized him. Again, proof of them would do him no good, because they do not sustain any issue upon his part. The ruling deprived the appellant of its defence, notwithstanding the testimony offered, and, if wrong, was not harmless.

It is next insisted that the court erred in instructing the jury as follows:

"The fact that the crab, or machine, was used by the plaintiff, with knowledge that it was without a thumb-latch, would not establish negligence on his part, unless the absence of said latch constituted a defect in the machine, of such a kind that a competent employee, in the situation of the plaintiff, and having his acquaintance with the machine, would regard the further use of it as unsafe and dangerous."

If this instruction was erroneous it was harmless, for the reason that the jury found, in answer to an interrogatory, that the plaintiff did not know that the crab was defective before his injury. An erroneous instruction will not reverse a judgment, where the jury find specially, in answer to an interrogatory, that the facts to which the instruction is applicable do not exist.

It is also insisted that the court erred in instructing the jury as follows: "It would be negligence upon the part of the defendant to use a crab for hoisting timbers that was defective in its construction, when said crab could have been

made complete and safe, or there were others to be secured that were complete and not dangerous. The defendant was bound to procure the best crab for the purposes it was used; otherwise, the defendant must be held responsible for the injury resulting to the plaintiff from the use of such defective crab, without fault or negligence on the part of the plaintiff."

This instruction was erroneous. It is not negligence necessarily to use a defective machine. The master does not warrant the strength or safety of his machinery. He only undertakes to employ reasonable care and prudence in selecting such as is fit for the purposes intended, and is only responsible when he has failed to use such care. When an injury occurs from the use of defective machinery, it must not only appear that the machinery was defective, but that the master was either negligent in its selection or in continuing to use it. The instruction in question informs the jury that the master is liable if the machinery is defective; in other words, that the use of defective machinery is negligence. This instruction renders the master liable, if the machinery is defective, however much care and prudence have been exercised in its selection or use, and notwithstanding the fact that the master may be ignorant of the defects in the machine. No case goes to this extent. Cooley on Torts, at page 556, thus states the rule: " The master may also be negligent in not exercising ordinary care to provide suitable and safe machinery or appliances, or in making use of those which he knows have become defective, but the defects in which he does not explain to the servant, or in continuing ignorantly to make use of those which are defective, where his ignorance is due to a neglect to use ordinary prudence and diligence to discover defects." Nor does the latter branch of the instruction state the law accurately. The defendant, in the absence of negligence, was not liable, because it did not have the best crab in use. A similar instruction was held erroneous in the case of *Lake Shore, etc., R. W. Co.* v. *McCormick,* 74 Ind. 440, where the authorities are fully collected, and to which reference

is made. As was there said, "Neither companies nor individuals are bound, as between themselves and their servants, to discard and throw away their implements or machinery upon the discovery of every new invention which may be thought or claimed to be better than those they have in use; but if they take ordinary care and exercise ordinary prudence to keep their implements or machinery in sound repair, so that harm does not result to the servant for want of such sound condition of the implements or machinery used, then such individuals or companies will not be responsible to servants for any injury which may occur to them in the use of such implements or machinery." See, also, *Umbach v. Lake Shore, etc., R. W. Co.*, 83 Ind. 191.

Other questions are discussed, but as the judgment must be reversed for the reasons already given, it is unnecessary to consider them.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant a new trial and to overrule the demurrer to the third paragraph of the answer.

WOODS, J., is inclined to the opinion that the facts averred in the third paragraph of the answer are admissible in evidence under the general denial.