GEORGE CLARK, PLAINTIFF IN ERROR, v. O. P. MULLEN, DEFENDANT IN ERROR.

| 16 | 481 |
| 43 | 612 |
| 16 | 481 |
| 46 | 764 |
| 16 | 481 |
| 51 | 477 |
| 16 | 481 |
| 62 | 151 |

1. **Continuance.** In an action for goods sold and delivered where the answer consists of denials alone, it is not error for the court to overrule a motion for a continuance based upon an affidavit of the defendant that he has recently discovered two witnesses in another state by whom he can prove payment.

2. **Payment** must be pleaded to be available as a defense.

ERROR to the district court for Hall county. Tried below before GEORGE W. POST, J.

*Thummel & Platt* and *George H. Caldwell,* for plaintiff in error.

*Thompson Bros.,* for defendant in error.

MAXWELL, J.

This action was brought by Mullen against Clark for goods alleged to have been sold to said Clark and one Hayter, as partners, on and before the 14th day of September, 1878, and, at their request, delivered to Peter Frederick and another; that afterwards said Clark and Hayter dissolved partnership, Clark assuming the debt due for

33

said goods and agreeing to pay the same. There is also a claim for goods sold and delivered to Clark personally. The answer admits that Clark and Hayter were partners in 1878, but denies that the partnership continued to September 14th of that year. Admits that Clark assumed the partnership debts, but denies that the claims sued upon were partnership debts, and denies all the other facts stated in the petition. There is also a plea of set-off. In the court below Clark made and filed an affidavit for a continuance upon the ground of the absence of two material witnesses who had left the state and whose residence until about two weeks before the trial he had been unable to ascertain; that he could prove by these witnesses that he had "fully paid all of said debt and more," etc.

It will be observed that Mr. Clark does not plead payment in his answer, but denies the facts as to the sale and delivery of the goods. Payment must be pleaded, and is not admissible in evidence without such plea. *Baker v. Kistler*, 13 Ind., 63. *McKyring v. Bull*, 16 N. Y., 297. *Texier v. Gouin*, 5 Duer, 389. *Seward v. Torrence*, 5 N. Y. Sup. Ct., 323. *Edson v. Dillaye*, 8 How. Pr., 273. Bliss on Code Pleading, § 358. Abbott's Tr. Ev., 798. As there is no plea of payment the testimony of the witnesses named, if obtained, would have been inadmissible under the pleadings. There was no error therefore in overruling the motion for a continuance.

Some objection is made to the instructions, but as the evidence is not preserved in the record it is impossible to determine whether the instructions complained of are erroneous or not.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.