No. 10,496.

PFAFFENBERGER ET AL. *v.* PLATTER ET AL.

EVIDENCE.—*General Denial.*—Evidence which does not controvert any fact which the plaintiff must prove is not admissible for the defence under the general denial. R. S. 1881, section 377.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellants.

COLERICK, C.—This action was brought by the appellants against the appellees. It was averred in the complaint that the appellants, on the 8th day of May, 1877, recovered a judgment in the Jackson Circuit Court, against Lycurgus L. Shields and others, for $3,755.96, upon which an execution was duly issued, under which certain real estate owned by said Lycurgus L. Shields was sold, by the sheriff of Jackson county, on the 27th day of October, 1877, for $600, to George Pfaffenberger, who purchased the same for the appellants, and paid the purchase-money therefor, by paying to said sheriff in cash $51.40, the costs of the action in which the judgment was rendered, and entering upon said execution a credit for $548.60, being the residue of the sum for which the property was sold, and thereupon said sheriff executed to said Pfaffenberger a certificate of purchase for the same, and that while he was holding the certificate, and before the year allowed by law for the redemption of said property from said sale had expired, the judgment defendants, on the 25th day of January, 1878, by agreement with their creditors, made an assignment of all their property, including that which had been sold to the appellants as aforesaid, to the appellees in trust, for the payment of their debts, in the order specified in said assignment, a copy of which was filed with the complaint, and in which it was specially provided that the money to be received by the appellees from the sale of the property so assigned should be applied by them, as follows: 1st. To the payment of all reasonable expenses of the assignment; 2d. To the redemption of all lands

of the assignors that had been sold at sheriff's sale; 3d. To the payment of all liens upon the real estate of the assignors, by mortgage or judgment, in the order of their priority; and 4th. To the payment *pro rata* of all other claims existing against them. It was also averred that a portion of the real estate so purchased by the appellants at said sheriff's sale was sold on the 11th day of May, 1878, by the appellees, as such assignees, with the consent of the appellants, for $960.60 to Daniel Walker, who paid the purchase-money therefor to the appellees, and that they had failed and refused to pay to the appellants the sum required for the redemption of said land from said sheriff's sale, and had only paid a small part thereof, to wit, $56.80. Wherefore the appellants prayed judgment for the residue thereof, etc.

To this complaint an answer of general denial was filed. The issues so formed were tried by the court, and resulted, over a motion for a new trial, in the rendition of a judgment in favor of the appellees. The only error assigned is the ruling of the court on the motion for a new trial. Among the causes specified in support of the motion, was the action of the court below in allowing certain evidence, therein recited, to be introduced by the appellees on the trial of the action, over the objection of the appellants. The evidence referred to was rendered by A. P. Charles and C. C. Isaacs, and its alleged erroneous admission by the court constitutes the only cause assigned in support of the motion for a new trial that is urged in this court. The evidence rendered by them was as follows:

A. P. Charles. " They, that is George Pfaffenberger and the assignee, agreed that all that Pfaffenberger wanted was his money that he had paid, and he agreed to give up his lien on the land. He was satisfied that he could not hold the land on account of prior liens on it. * * * It was the distinct understanding that the $56 paid plaintiffs was for their lien on the land, and they were to assign the certificate to the assignees."

C. C. Isaacs. " I know the parties to this suit; I had a conversation with the plaintiff George Pfaffenberger about the $51.40; we, that is the assignees, made the arrangement with Pfaffenberger that if we would pay him what he had paid out, he would release his lien on the land and assign his certificate to us; we paid him his money."

The money alluded to by the witnesses was the sum the appellants paid in cash to the sheriff at the time of their purchase of the real estate from him, with ten per cent. interest thereon from that time.

The bill of exceptions fails to show that any objection was made by the appellants to the evidence of C. C. Isaacs, but it does show that they did object to the evidence of A. P. Charles, above set forth. We think, under the issues formed by the pleadings, that the evidence so rendered by A. P. Charles was inadmissible, and that the court erred in allowing its admission. The statute provides that "All defences, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." R. S. 1881, section 356. This court, in construing the provision of the statute above cited, and similar provisions in former statutes, has often held that every fact which goes to defeat the cause of action, and which the plaintiff is not bound to prove in order to make out his case, must be alleged in the answer. *Baker* v. *Kistler*, 13 Ind. 63; *Hubler* v. *Pullen*, 9 Ind. 273; *Adams Ex. Co.* v. *Darnell*, 31 Ind. 20; *Louisville, etc., R. R. Co.* v. *Orr*, 84 Ind. 50; *Hill* v. *Hagaman*, 84 Ind. 287. No such facts, as those which the evidence so objected to tended to establish, were averred in the complaint, nor was it necessary for the appellants to prove any such facts, to enable them to recover. They constituted, if true, an affirmative defence to the action and should have been specially pleaded by the appellees in their answer, to render them available as a defence to the action. The evidence, so admitted, exerted a controlling influence in favor of the appellees, in securing for them the judgment that was rendered. It is quite evident by an examina-

tion of all the evidence in the record, that, in the absence of the evidence referred to, a judgment would have been rendered in favor of the appellants, and, hence, its admission was injurious to the appellants, and, therefore, a harmful error. The admission of irrelevant evidence will justify the reversal of a judgment where it clearly appears, as in this case, that the rights of the party objecting to it, were injuriously affected by its admission. *Sparks* v. *Heritage,* 45 Ind. 66; *Roberts* v. *Huddleston,* 93 Ind. 173.

It was error on the part of the court to permit such proof to be made, over the objection of the appellants, under the general denial, as the issues formed by the general denial did not authorize such proof. See R. S. 1881, section 377, which provides: " Under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." For the error of the court in allowing such proof to be made, the judgment ought to be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellees, and the cause is remanded with instructions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Oct. 30, 1884.