BENJAMIN A. GIBSON, PLAINTIFF IN ERROR, V. ALBERT N. SULLIVAN AND REUBEN W. HYERS, DEFENDANTS IN ERROR.

1. Error Without Prejudice. A judgment will not be reversed nor a verdict set aside when an error has been committed without prejudice to the party complaining.

2. Written Instructions for Jury. The provision of section 54 of chapter 19 of the Compiled Statutes, directing the charge of the court to the jury to be written in consecutively numbered paragraphs, is a right which the supreme court will regard as waived if no objection is made or exception taken at the time the charge is given, or where exception is taken to a particular clause only. *Smith v. The State*, 4 Neb., 277.

3. Trial: QUESTIONS FOR JURY. Juries are the judges of questions of fact when properly submitted to them in cases of conflicting testimony.

ERROR to the district court for Cass county. Tried below before BROADY, J., of the first district, sitting in that county.

*E. H. Wooley*, for plaintiff in error.

*Beeson & Sullivan*, for defendants in error.

REESE, J.

This was an action brought by plaintiff in error against defendants in error to recover the sum of $200.00, alleged to be due from them as commissions for negotiating a sale of certain real estate owned by them. The cause was tried to a jury, and resulted in a general verdict for defendants and a judgment against plaintiff for costs. Plaintiff alleges error and brings the case into this court.

The real difference between the parties was, that plaintiff insisted that the land was placed in his hands for sale as a real estate broker, for a certain price, that he effected a sale of part and procured a purchaser for the remainder, and, therefore, was entitled to the usual and customary fees or commissions charged by brokers, while defendants insist that they instructed him that the price named was the net price required by them, and, therefore, no commissions were due, even if plaintiff had sold the land. The testimony showed that the transaction was a tedious one in its development, and that it was some time after the first contract or agreement was made until the sale was finally ratified by defendants. Various objections were made as to terms of payment, etc., and offers submitted for the purpose of overcoming them, but finally the sale was consummated. The whole can be said to constitute but one transaction or trade. Urging the contrary view, plaintiff insists that the court erred in overruling an objection made by him to a question asked him on his cross-examination. One answer to this objection is, that the answer of plaintiff being directly in favor of his theory of the case, even if the court did err in overruling the objection, no possible prejudice could result to him, and

therefore the judgment could not be reversed on that ground. *Dillon v. Russell*, 5 Neb., 489. *Eiseley v. Malchow*, 9 Id., 181. Other reasons supporting the ruling could be assigned, but this is sufficient.

The next contention is, that the motion for a new trial should have been sustained because the instructions given by the court on its own motion were not in consecutively numbered paragraphs, and the word "given" was not written on the margin as required by sections 54 and 55 of chapter 19 of the Compiled Statutes. This objection was not made until after verdict. The record shows that when the objection was made the court offered to number and endorse the instructions, but the offer was "respectfully declined." The objection now urged cannot be available to plaintiff in error. The court proposed to number the instructions and allow exceptions to such as were objected to. Nothing more could have been accomplished had the instructions been numbered by paragraphs before being read to the jury. If it was not desirable before the exceptions were taken, it could accomplish no good purpose, and would be an empty form. It may also be observed that parts of the instruction were excepted to, and this "will be considered as a waiver of the right to have the charge paragraphed and numbered." *Smith v. The State*, 4 Neb., 277.

Objection is made to certain instructions given to the jury. It is claimed that they are indefinite, and might tend to confuse the jury. We have carefully examined all of the instructions and cannot so hold.

The contention on the part of plaintiff is, that he actually sold one quarter of a section and procured a purchaser for two others. The court gave the following instruction, which is excepted to: "The burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence of every material allegation of his petition as to each alleged sale and service before he can recover for such sale,

and to satisfy you by a fair preponderance of the evidence as to every material allegation of his petition as to both sales before he can recover for both." It is claimed that this part of the instruction, when considered with the rest of the charge, might lead the jury to conclude that no recovery could be had by plaintiff unless he could recover for both sales. ·We do not think this position can be successfully maintained, as the next succeeding instruction was in the following language : "It is competent for you, if you think the evidence so justifies, to find in favor of one party to this suit as to one alleged sale, and in favor of the other party to the suit as to the other sale. If you find for the plaintiff as to one or both of the alleged sales, you will find a verdict for the plaintiff and assess his damages in the verdict. If you fail to find in favor of the plaintiff as to either of the alleged sales by a fair preponderance of the evidence, you will find for the defendants."

The next and last contention of plaintiff in error is, that the verdict is against the clear weight of the evidence. The testimony was conflicting, and while the circumstances seem to support the theory of plaintiff in error as to his demand for at least a part of the amount claimed, yet the whole question of fact was fairly submitted to the jury, and as there was sufficient testimony to support the finding, it cannot be disturbed.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.