## S. K. FELTON v. PHILIP MOFFETT.

[FILED MAY 13, 1890.]

1. **New Trial:** LOST DEPOSITION: AFFIDAVIT. To entitle a party to either a continuance of a cause or a new trial on account of the loss before the trial of a deposition taken in the case, he must under oath set out the testimony contained in the lost deposition. It is not sufficient to state that it fully supports the allegations of the answer.

2. ———: AGREEMENTS OF PARTIES: CONFLICTING TESTIMONY. The defendant in the lower court applied for a new trial alleging misconduct of the prevailing party in consenting that the cause be not tried before November 1, 1888, and afterwards trying the case before that date, in the absence of the defendant. The evidence on the hearing of the motion was very conflicting. The defendant's attorney testifies that he had out of court made an oral agreement with the plaintiff that the cause be passed until that date. The plaintiff specifically denies under oath that he ever made any such an agreement or had any conversation with the attorney on the subject. *Held,* That the motion was rightly denied.

ERROR to the district court for Douglas county.   Tried
below before HOPEWELL, J.

*Andrew Bevins*, for plaintiff in error, cited, as to loss of
depositions: *Cahill v. Hilton*, 31 Hun [N. Y.], 114; Code,
314; 1 Bouvier, L. D. [15th Ed.], 52; 1 Burrill, L. D.,
16; Story, Eq. Jur. [12th Ed.], sec. 78, and note.   As to
misconduct of plaintiff: *Chamberlain v. Lindsay*, 4 T. &
C. [N. Y.], 24.

*Holmes & Wharton*, contra.

NORVAL, J.

This action was commenced by the defendant in error to
recover the sum of $130.22 claimed to be due him for labor
performed for the plaintiff in error.   The defense was,
that the plaintiff was incompetent to perform the work
which he was employed to do, and for that reason he was
discharged.   The defendant also claims to have paid the
plaintiff for the time he was actually in his employ, at the
price per month agreed upon.   A jury being waived the
cause was submitted to the court on October 22, 1888,
which rendered a judgment for the plaintiff for the amount
claimed.

The defendant's motion for a new trial assigns the fol-
lowing errors:

"1. Misconduct of the prevailing party, in consenting
that the case be not tried until after November 1, 1888,
and then insisting upon and procuring a trial on the 22d
day of October, 1888, in the absence of the defendant, who
would have been present at the trial if such promise had
not been made.

" 2. Accident, which ordinary prudence could not have
provided against, in the loss of the deposition in favor of
the defendant.

"3. Surprise to the defendant, by reason of the trial being made on the 22d day of October, 1888, when defendant had reason to believe it would not be then tried.

"4. Error in not allowing defendant to move for a continuance."

The overruling of this motion is assigned as error. The first and third grounds stated in the motion are substantially the same and will be considered together. There was read in support of the motion the affidavit of the attorney of the defendant, which states: "That on the 20th day of October, 1888, he met the plaintiff on the sidewalk at the southeast corner of Fifteenth and Farnam streets, in Omaha, Nebraska, at which time plaintiff asked affiant if the case of his against defendant was to be tried at this term of court; affiant replied that defendant was willing to try the case and have it disposed of as soon as possible, but as he was out of the city and could not well return before November 1, 1888, that he would like to pass the case to November 2, if it should be called for trial before that time. Whereupon plaintiff said that would be all right. Affiant relied upon that statement so made by plaintiff and did not telegraph to defendant to come home and be present at the trial of said action on October 22. And affiant says that to his utter surprise when the case was called, on the morning of October 22 aforesaid, the attorney of plaintiff would not consent that the case be passed, but insisted on an immediate trial."

The plaintiff in the lower court, Philip Moffett, deposed: "That he met the defendant's attorney on the corner of Fifteenth and Farnam streets on the 20th day of October; that the attorney asked him how his hands were getting along; that he (affiant) replied that they were doing very nicely and would be well soon; that that was all the conversation they had at that time and place, and that was the only conversation he had had with the attorney for more than three months before said cause was tried. Affiant further

states that not one word was said in the aforesaid mentioned conversation in regard to this cause or the trial thereof, and further states that he did not agree in said conversation to pass the case to November 2 for trial, or to any other date; that no date was mentioned between them and no reference to the case in any particular was made during said conversation.   Affiant further states that he never did at any time agree with defendant's attorney, or any other person, to pass said cause for trial to November 2, or any other date."

It will be observed that the plaintiff below in his affidavit denies that there was any agreement to pass the case for trial, or that he ever had any conversation with defendant's attorney upon that subject.   The affidavit of J. C. Wharton tends in some degree to support the claim of the plaintiff that no agreement to pass the trial of the cause was entered into.   Courts usually will not enforce the oral agreements of attorneys or parties made out of court, in regard to the postponement of the trial of a cause, and especially is this true when, as in the case at bar, the evidence leaves it uncertain whether the alleged agreement was ever made.

After the trial began it was discovered that the deposition of Guy P. Felton, taken on behalf of the defendant, was lost from the files and could not be found.   To make the loss of this deposition sufficient grounds for a continuance of the case or for granting another trial, it was necessary that it should appear that the testimony of the witness was material to the defense.   The affidavit of the defendant's attorney states that "the testimony in said deposition was the same as and fully supported the allegations of the answer."   This statement was a mere conclusion.   It should have set out at least the substance of the testimony of the witness contained in the deposition so the trial court could see whether it tended to sustain the defense interposed to the action.   It requires the same showing to ob-

tain a continuance, or new trial, on account of the loss of a deposition as is necessary in case of the unexpected absence of a witness.

It is finally claimed by counsel for plaintiff in error that the answer set up a complete defense, and as there was no reply thereto, the plaintiff ought not to recover. This objection was not raised in the petition in error and is therefore waived. The judgment of the district court is

AFFIRMED.

THE other judges concur.