MRS. JOHN L. HODGMAN V. SAMUEL G. THOMAS.

FILED SEPTEMBER 20, 1893. No. 4795.

1. **Review:** EVIDENCE: A VERDICT will not be set aside as unsupported by the evidence if there is competent evidence to support it.

2. **An Instruction** requested by a party need not be given if the essential principle therein stated is otherwise fairly enunciated to the jury by the court.

ERROR from the district court of Lancaster county. Tried below before CHAPMAN, J.

*S. L. Geisthardt,* for plaintiff in error.

*B. F. Johnson, Paul F. Clark,* and *T. C. Munger, contra.*

RYAN, C.

This action was tried in the district court of Lancaster county, Nebraska, and a verdict returned and judgment

rendered in favor of the defendant in error and against the plaintiff in error for the sum of $50, as a commission earned in the exchange of certain real estate owned by the plaintiff in error. On behalf of the plaintiff in the trial of said action there was sufficient evidence, if uncontradicted, to sustain a recovery. On some points this evidence is quite successfully contradicted by what ordinarily might be considered a fair preponderance. The ultimate questions of fact, however, deducible from a consideration of all the testimony, was submitted to the jury, by whom a verdict was rendered in favor of the defendant in error. This verdict is not without such support as precludes us from reviewing the testimony to determine whether by it the verdict was sustained. The only question of law which arises is upon the instruction No. 3 asked by the plaintiff in error and refused. This instruction is in the following language: "The jury is instructed that where an agent brings persons together for the purpose of arranging a sale or trade of property, and negotiations are abandoned by the parties in good faith, and the agent makes no further effort to bring about a trade or sale between them, he is not entitled to commission even though by reason of something subsequently occurring negotiations are afterwards begun anew between the principals and result in a sale or trade affecting the same property."

The court upon its own motion gave instruction No. 3: "The burden of proof is upon the plaintiff to establish all material allegations of his petition, which in this case are: that he procured for the defendant a purchaser for his real estate situate in Carbondale, Illinois, who was able and willing, and who purchased the same."

Instruction No. 4, given by the court, is as follows: "If you believe from the evidence that plaintiff rendered services as alleged in his petition, and the defendant was enabled thereby to dispose of her property, the plaintiff would, if you so find, be entitled to recover for his services so ren-

dered; and if you find for the plaintiff you will assess the amount of his recovery at such a sum as you believe from the evidence he is fairly entitled to receive, not exceeding, however, the sum of $100 as claimed in his petition."

Upon the defendant's request the following instructions were also given:

"1. The jury is instructed that to entitle a real estate agent to recover commission for the sale or exchange of property, he must procure a buyer ready, able, and willing to take the property upon the terms fixed by the seller.

"2. The jury is instructed that when a person makes a sale or exchange of property listed with a real estate agent, the agent must show that he was the procuring cause of the sale in order to recover the commission; in other words, it must be shown that he rendered actual services resulting in a sale or trade as a consequence thereof.

"5. If you find from the evidence that the defendant made the sale of his Carbondale property without the assistance of the plaintiff, and that plaintiff did not, in fact, furnish a purchaser for the defendant's property, the verdict will be in favor of the defendant."

These instructions given, we think, fairly submitted to the jury as essential the question whether or not the services of the plaintiff were the inducing cause of the trade effected between the parties to the real estate transaction. The court having once fairly stated the law upon this head, could not properly be required to reiterate that statement of the law, at the request of the defendant, even though such statement was correct. It is true the defendant requested another instruction, which was, that plaintiff was not entitled to recover upon the evidence introduced. It was perhaps unnecessary to have mentioned this, as the language employed in the beginning of this opinion sufficiently meets this contention or statement of the result of the evidence. There was no exception taken to the giving of any instruction, and hence the consideration already

given the instructions sufficiently covers all the points that can properly be reviewed in this court. It follows that the judgment of the district court is

AFFIRMED.

THE other commissioners concur.