P. B. MURPHY ET AL. V. MARY J. GOULD.

FILED JUNE 5, 1894.          No. 5122.

1. **Assignments of Error:** INSTRUCTIONS: REVIEW. An assign-ment of error directed generally against a group of instructions is insufficient, and will be considered no further than to ascer-tain that any one of such instructions was properly given. *Hiatt v. Kinkaid*, 40 Neb., 178, followed.

2. ——: ——: ——. An assignment in a petition in error, "That the court erred in refusing to give the instructions re-quested by the defendants," is so general and indefinite that it will be considered no further when it is found that any one of such instructions was properly refused.

3. **Trial:** INSTRUCTIONS. When the substance of an instruction requested has already been fairly given in other instructions, it need not be repeated.

4. **Special Findings:** DISCRETION OF COURT: REVIEW. Inter-rogatories for special findings may be submitted to the jury or refused in the discretion of the trial court, and unless there has been an abuse of discretion in that regard, the ruling will not be disturbed. (*Floaten v. Ferrell*, 24 Neb., 347.)

5. **Assignments of Error:** REVIEW. An assignment, "errors of law occurring at the trial of said cause, and duly excepted to," although sufficient in a motion for a new trial, is not specific enough, when contained in a petition in error, to secure a review of the rulings of the trial court on the admission or exclusion of testimony.

6. **Sufficiency of Evidence:** BILL OF EXCEPTIONS: REVIEW.

The supreme court cannot examine the question whether the verdict is sustained by the evidence, when the evidence adduced on the trial is not made a part of the record by a bill of exceptions.

ERROR from the district court of Sheridan county. Tried below before KINKAID, J.

*W. H. Westover*, for plaintiffs in error.

*Thomas L. Redlon, contra.*

NORVAL, C. J.

This action was brought in the court below by Mary J. Gould, for herself and her minor children, against the principals and sureties upon two liquor dealers' bonds to recover damages for loss of means of support occasioned by the sale of intoxicating liquors by P. B. Murphy & Son and Henry Harrison, the principals in said bonds, to Willard Gould, the husband of said plaintiff. The trial resulted in a verdict and judgment against the defendants for the sum of $500, to reverse which the saloon-keepers and their bondsmen prosecute error to this court.

The first three assignments of error relate to the giving and refusing of instructions, which are stated alike in the petition in error and motion for a new trial, as follows:

" 1. The court erred in giving instruction numbered 1, 2, 3, and 4, on its own motion.

" 2. The court erred in giving instructions marked and numbered 1, 2, 3, 4, 5, and 6, asked by plaintiff.

" 3. The court erred in refusing to give the instructions requested by the defendants."

Assignments of error similar to the above were held bad, after a careful review of the authorities, by RYAN, C., in his opinion in *Hiatt v. Kinkaid*, 40 Neb., 178. The third and fourth paragraphs of the syllabus in that case are in the following language:

"3. An assignment in a petition in error, that the trial court erred in refusing to give a group of instructions asked, will be considered no further when it is found that the refusal of any one of such instructions was proper.

"4. An assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain that any one of such instructions was properly given."

In the case under consideration the trial judge gave on his own motion but five instructions, the first of which is in this language:

"1. This action is brought to recover from defendants for alleged damages to the means of support of the plaintiff, and that of her minor children, by reason, as it is charged in the petition, of defendants P. B. Murphy & Son and Henry Harrison selling to the husband of plaintiff, and father of the said minor children, intoxicating liquors on and from the 7th day of May, 1888, to the 6th day of February, 1890, in the village of Hay Springs, state of Nebraska."

The foregoing is a brief and concise statement of the nature of the plaintiff's case as presented by the petition. The instruction was above criticism, and, taken in connection with the second instruction of the same series, fairly presented both sides of the controversy to the jury.

The second assignment of error covers all the instructions given at the request of the plaintiff below, there being six in number.   Instruction numbered 1 of this group reads as follows:

"1. You are instructed that, by the law of this state, every person who sells or gives intoxicating liquors to another, and thereby, in whole or in part, causes the intoxication of such person, is liable to the wife of the person so becoming intoxicated for any injury she may sustain to her means of support resulting as a consequence of such intoxication."

The doctrine enunciated in the foregoing first request to charge has been sanctioned by this court in every decision upon the subject from *Roose v. Perkins*, 9 Neb., 304, to the present time, and is the settled law of this state. (See *Elshire v. Schuyler*, 15 Neb., 561; *Kerkow v. Bauer*, 15 Neb., 150; *McClay v. Worrall*, 18 Neb., 44; *Warrick v. Rounds*, 17 Neb., 411; *Wardell v. McConnell*, 23 Neb., 152; *Jones v. Bates*, 26 Neb., 693.) By plaintiff's sixth request the jury were told, in effect, that the sale of intoxicating liquors may be shown by the proof of circumstances. There can be no doubt that the sale of liquors, like any other fact, may be established by circumstantial evidence alone, as well as by direct testimony. Having reached the conclusion that the first instruction given by the court on its own motion, and plaintiff's first and sixth request to charge, were properly given, the first and second assignments of error are, without further consideration, overruled.

Three instructions were requested by the defendants below, and were refused. The substance of No. 1 was fully covered by the instructions given, therefore it was not error to repeat it. Since the refusal of one of defendants' requests was proper, the third assignment in the petition in error is overruled.

The fourth assignment of error is based upon the refusal of the trial court to submit to the jury special findings requested by the defendants. The submission of questions for special findings rests largely with the sound discretion of the trial court, and unless there has been an abuse of discretion, the granting or refusing a request for a special finding will not be disturbed. (*Floaten v. Ferrell*, 24 Neb., 347; *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb., 582; *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356; *Missouri P. R. Co v. Baier*, 37 Neb., 225.) We are unable to review the decision of the court in refusing to submit interrogatories for special findings, for the reason the evidence taken on the trial is not in the record before us.

The fifth assignment in the petition in error is "errors of law occurring at the trial of said cause, and excepted to by defendants." This assignment is too general and indefinite to have required any consideration at our hands, even were the rulings of the trial court preserved by a bill of exceptions, which was not done in this case. (*Lowe v. City of Omaha*, 33 Neb., 587.)

The sixth and last assignment, "the verdict is contrary to, and not sustained by, the evidence," cannot be examined, for the obvious reason that the evidence was not brought into the record by a bill of exceptions. The judgment is

AFFIRMED.