43   267
44   507

ORA G. PREWITT V. YORK COUNTY.

FILED JANUARY 3, 1895.    No. 4904.

**Review.** In this case there is presented by the argument of plaintiff in error only the sufficiency of the evidence to sustain the verdict. As this evidence was conflicting, the conclusion reached by the jury will not be disturbed.

ERROR from the district court of York county. Tried below before BATES, J.

*E. A. Gilbert*, for plaintiff in error.

*F. C. Power*, contra.

RYAN, C.

On the 3d day of September, 1889, there was filed in the office of the county clerk of York county a petition, signed by O. G. Prewitt and twenty-one other persons, addressed to the board of supervisors of said county. It was in this

language: "We, the undersigned residents of the county of York, hereby very earnestly and respectfully petition your honorable body to open a ditch and drain the road at O. G. Prewitt's place, and asked for in his petition hereto annexed." The petition referred to stated that the petitioner therein named was the owner of the west half of the southeast quarter of section 20, township 11, range 2. Following this averment was his prayer that the board would cause to be located a ditch to drain the ditch and draw now located on said land and in the road on the south side thereof, said ditch to extend from said place in said road in a southwesterly direction for about seventy or eighty rods, upon the land of D. M. Russell. The reason assigned for the location of the ditch was in this language: "Your petitioner represents in support of this petition that said ditch will drain the public road hereinbefore mentioned, and will conduce to the public health, convenience, and welfare." The petition was referred to its road and bridge committee by the board of supervisors, which committee reported that it found against the improvement. This report was adopted. From the above action of the county board Prewitt appealed to the district court, in which a trial was had, which resulted in a verdict and judgment adverse to Prewitt. The only error argued is that the verdict was contrary to the evidence. In this we cannot concur. The evidence was merely conflicting, and the verdict for that reason must stand. Ordinarily, it would be proper to affirm the judgment of the district court without further comment. In this case, however, the attorney for the defendant in error has very commendably raised some questions of such general importance that we feel it necessary to say that we have not passed upon them because they were not argued by the plaintiff in error. In view of their importance it is deemed advisable that the constitutionality of certain provisions of chapter 89, Compiled Statutes, some of which were criticised in *Jenal v. Green Island Drainage Co.*, 12

Neb., 163, as well as the right of a petitioner for a ditch to appeal to the district court from an order denying his petition should be argued fully before those questions shall be finally determined.   The judgment of the district court is

AFFIRMED.