## L. H. KENT ET AL V. WILLIAM H. GREEN ET AL.

FILED FEBRUARY 5, 1895.  No. 6356.

1. Review: CONFLICTING EVIDENCE. The findings of a trial court as expressed by its rulings upon a motion for new trial, when based upon conflicting evidence contained in affidavits filed in support of the motion, will not be disturbed by this court unless clearly and manifestly wrong.

2. **Practice:** AGREEMENTS MADE OUT OF COURT. Agreements relating to a cause pending trial, made out of court by the parties thereto, and not brought to the attention of the court, are not looked upon with favor, and the courts are under no obligation to enforce such agreements.

3. **New Trial:** EVIDENCE. The evidence contained in the affidavits filed in support of the motion for new trial herein examined, and *held* sufficient to support the findings of the trial court as evidenced by its ruling thereon.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*William E. Healy* and *H. P. Stoddart,* for plaintiff in error.

*M. D. Hyde, contra.*

HARRISON, J.

The cause of action stated in the petition filed in this case in the district court was for an amount alleged to be due defendants in error from plaintiffs in error for services rendered to them by defendants in error, as real estate agents or brokers, in effecting the sale, or an exchange, of some real estate. The answers were general denials. The case was called for trial, a jury impaneled, and trial had in the absence of plaintiffs in error, and verdict returned against them. They filed a motion for new trial, which was overruled, and they have removed the case to this court for a review of the action of the trial court in refusing to set aside the judgment and grant them a new trial. The motion was as follows: "The defendants move the court to set aside the verdict and judgment in the above entitled cause, and in support thereof the affidavits of H. P. Stoddart, Wm. E. Healey, L. H. Kent, and Dennis Cunningham, filed herein this 27th of June, 1892, are herewith submitted." The motion is entirely insufficient, in that it fails to state or assign any ground for granting a new trial,

and we might stop here and not further consider the case. The affidavits referred to in the motion appear in the bill of exceptions, as do also some counter-affidavits, and are stated to have been used on the hearing of the motion for a new trial, and we will examine them and review the action of the trial court in denying the relief sought upon the showing made in them. From a perusal of them we gather that this case was placed for trial on what is designated in Douglas county as the call for May 31, 1892, and held its place until June 14 following, when it was stricken from the call for the reason that a deposition could not be found. Afterward the missing deposition was returned to the files of the case, or into court by attorneys for plaintiffs in error, and on June 15 the case was again placed on call, and, at request of one of the attorneys for plaintiffs in error, at the foot thereof. On the morning of June 23 it was known, apparently, by all the attorneys concerned, and some of the parties, that the case was almost, would be very soon, and probably during the day, reached for trial.

L. H. Kent, one of the plaintiffs in error, states, in substance, in his affidavit, that he was in the court room about 10 o'clock A. M. of June 23, and the case had not been reached for trial, and was not next on call; that he had a conversation with M. D. Hyde, attorney for defendants in error, in which it was agreed that the cause should not be tried during the absence of either, and if reached, and either one of them was present and the other not, the one present should inform the other. After making such agreement, as he had a very severe headache, he left the court room and went to his office and did not return to court until about 4 o'clock P. M. of the same day and there learned that the case had been tried without the appearance of any one on his side of the cause, or in his behalf. Here follows a statement of the defense which he claims to have, as to all matters of the action alleged in the petition.

Dennis Cunningham, one of the defendants in the dis-

trict court, sets forth in an affidavit that at the time this case was tried he was in attendance in another suit, wherein he was plaintiff in another court in Omaha, and relied upon his attorneys to inform him when this one would be called for trial, and makes a further statement of his defense which he desires to make to the cause of action set forth in the petition.

H. P. Stoddart, Esq., one of the attorneys for plaintiffs in error, states in his affidavit that immediately after the cause was reinstated in the call for trial he entered into an agreement with Mr. Hyde, attorney for the opposite parties, that the cause should not be tried when either of them was absent, and if either ascertained when the case would be reached for trial and the other did not know it, or was absent, the one obtaining such knowledge, or being present, should inform the other, and that in violation of said agreement, Hyde being present when the case was called, tried it on behalf of his clients; that the affiant was only about two blocks away from the court room where the trial was held, at the time of the trial, and could very readily have been notified if Hyde had desired to fulfill his agreement.

Mr. Wm. E. Healey, one of the attorneys for plaintiffs in error, states that he was, immediately prior to the time of the trial in this case, engaged in the trial of another case in another court in the city of Omaha, and did not reach the room where this case was being tried until the judge had almost closed his instructions to the jury, "and then and there his honor Judge Keysor informed deponent that any matters on the part of defendants might be presented on a motion to set aside the verdict. After deponent having informed said judge that although he, deponent, had no testimony in the court room at the moment, he could procure the same very shortly, said judge stating that the jury could not then be held for the same."

Neither Kent nor Stoddart claims that the agreement

made with him by Hyde in regard to the trial of the action was ever brought to the knowledge of the court. They were both alleged to have been made out of court.

In behalf of the other parties to the record, Mr. Hyde makes affidavit, and states therein, that this case was regularly reached and called for trial, and when called, the plaintiffs in it being present and ready, were directed by the court to proceed with the trial. That he called the attention of the judge to the fact that the opposite parties were not present, or represented by counsel, and the judge replied that he had told Mr. Kent, one of the defendants in that court, and an attorney, that morning that the case might be reached at any time, and they should watch it and be ready to try it when called, and further said that the trial might proceed; that on the day the case was reinstated on the call it was placed at the foot with a large number of cases before it; "that, as affiant and said Stoddart were leaving the court house, affiant remarked to him that he did not think said case would be reached for trial that week, but that if either learned that it was likely to be reached that week he might let the other know; that said Stoddart asked affiant if he had a telephone; affiant replied no, but that if he telephoned Williams, one of the plaintiffs, it would reach affiant, and affiant alleges that is the only conversation or agreement he had with said Stoddart in regard to said trial; and this affiant denies that he ever requested said Stoddart to enter into an agreement that they would let each other know as to the time when said cause would be reached for trial, or that said cause would not be tried in the absence of said Stoddart, and denies that said Stoddart relied upon affiant to inform him as to when said case would be reached, except as affiant might learn that it would be reached that week, contrary to their expectations. Affiant further says said case was not reached during said week, and was not called for trial till Thursday, June 23, of the following week; that dur-

ing the preceding days of the week in which said case was tried said Stoddart, Healey, and Kent were in attendance at his honor Judge Keysor's court, and had the same means of knowing the position of said case on the call and when the same would be reached that this affiant had, and did know all that affiant knew in regard thereto." Then follows a denial that affiant ever had any agreement with Kent that the case should not be tried when either was absent, or that either should inform the other when the case was reached for trial, and he avers that the statements in the affidavit of Kent in that regard are wholly untrue. "That the only conversation this affiant had with said Kent on said morning was in regard to passing said case, said Kent saying, if both parties agreed the case might be passed; affiant replied that such an agreement could not be made; that when the case was reached the court would dispose of it some way; that thereupon said Kent walked towards the desk where the court was sitting, and in a few moments affiant went into another room. Affiant further says that about 11 o'clock on said morning he met said Stoddart at the door of Judge Keysor's court room and. then and there said to him that said case might be called almost any time, and that said Stoddart passed on into the court room. This affiant avers that he acted in the utmost good faith and proceeded to trial under the direction of the court, and if said defendants, or their attorneys, intended to be present at said trial it was only through their own gross negligence, and not any fault of this affiant that they were not."

Mr. Williams, one of the defendants in error, states as follows: "That about the first day of June, 1892, affiant was informed by his attorney, M. D. Hyde, that his case was placed on call; that he, the said Hyde, would probably want affiant to testify in said case at any time; that affiant was put to a great deal of inconvenience on account of time of said trial being unknown to him, and that for

Kent v. Green.

a term of nearly three weeks affiant was forced to neglect important business matters, in order to be in reach of said call ; that within one week after the trial of said case affiant met Dennis Cunningham, one of the defendants, and said Cunningham stated to affiant that he had not given the case any consideration; that he had never entered the court room at any time while the case was pending, and that he had not, and would never bother with it; that he had nothing to do with it; that it was Mr. Kent's business, alluding to the other defendant in said case. Affiant further says that the said Cunningham was in the city and did not appear at the trial of said case in the county court of Douglas county, and that within ten minutes after the trial of said case affiant met said Cunningham on the street, and that said Cunningham stated that he was not going to bother with the matter; that he had always been willing to pay his part. Affiant further says that on the 23d day of June, 1892, at about 2 o'clock, P. M., he was in the city treasurer's office when his attorney, Mr. M. D. Hyde, came to him and requested that he go at once and get the papers in said action and make an immediate appearance at the district court; that said case had been called for trial and that he did not wish to keep them waiting. Affiant then asked Hyde if the defendants were ready and the said Hyde replied that he had met them in the court room in the morning and that they knew that the case would be ready in a very short time, and that they were probably waiting at the time."

Referring to the alleged agreement between Kent and Hyde, and also the one between Stoddart and Hyde, as a general rule courts do not feel called upon to, and will not, enforce stipulations or agreements regarding cases made out of court; but however this may be, the evidence as to the existence of each of these agreements was conflicting, and the question of their existence or non-existence seems to have been resolved by the trial court in favor of the

contention of defendants in error, as must have been its
findings, judging from the decision on the motion in regard
to this and other matters upon which the testimony in the
affidavits was conflicting, and we cannot say that these
findings were clearly wrong or not sustained by the evi-
dence, and, following the established ·rule, we will not
disturb them.    Bearing this in mind in our review of the
action of the trial court in overruling the motion for a
new trial, after a full examination and consideration of the
contents of all the affidavits filed by either of the parties
we cannot say that such action was erroneous or should be
reversed. (*Fellon v. Moffett*, 29 Neb., 582.)    It is true
that a case involving the question presented in this one
contains a strong appeal in itself to the favorable consider-
ation of a court or judge, in that by refusing a new trial
parties are deprived of a trial upon the merits which their
defenses may possibly possess; but, on the other hand, the
rights of the opposing litigants must not be ignored; nor
should we lose sight of the proper diligence and attention
which parties should exercise in the prosecution and de-
fense of cases in the courts; and we are satisfied that the
ruling of the district judge was not erroneous upon the
showing made.    It follows that the judgment of the trial
court is

AFFIRMED.