Houston v. City of Omaha.

MARGARET HOUSTON V. CITY OF OMAHA.

FILED FEBRUARY 19, 1895.    NO. 5503.

1. Assignments of Error. An assignment of error, "irregularity in the proceedings of the court and jury by which plaintiff was prevented from having a fair trial," specifically states no act done or omitted by either court or jury which this court can review.

2. ———. To enable this court to review an assignment of error, "misconduct of the jury," the action of the jury which it is claimed amounted to misconduct must be specifically stated in the petition in error, and the facts showing such misconduct sustained by affidavits filed in and brought to the attention of the district court on the hearing of the motion for a new trial.

3. ———. An assignment, "errors of law occurring at the trial," is sufficient in a motion for a new trial to enable the district court to pass upon the question as to whether it erred in the admission or rejection of evidence; but such an assignment in a petition in error presents nothing that can be reviewed by the supreme court.

4. **Sufficiency of Evidence.** The evidence examined, and *held* to support the verdict of the jury.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*Fawcett, Churchill & Sturdevant* and *John P. Davis*, for plaintiff in error.

*E. J. Cornish* and *W. J. Connell, contra.*

RAGAN, C.

Margaret Houston sued the city of Omaha in the district court of Douglas county for damages which she alleged she sustained on the 25th day of April, 1889, by falling through a defective sidewalk in said city. The city had a verdict and judgment and she brings the case here for review, and assigns the following errors:

1. "Irregularity in the proceedings of the court and jury, by which plaintiff was prevented from having a fair trial." This is the statutory ground for a new trial given by the first subdivision of section 314 of the Code of Civil Procedure. An assignment like this in the language of the statute, while sufficient in a motion for a new trial, is insufficient in a petition in error. If it is claimed that any act done or omitted by the court or jury was such an irregularity as prevented a party from having a fair trial, the petition in error should specifically state the act or omission complained of, otherwise this court cannot review the alleged error.

2. "Misconduct of the jury." This is the ground for a new trial provided by the second subdivision of said section 314. But to enable this court to review as an assignment of error the "misconduct of the jury," the action of the jury which it is claimed amounted to misconduct must be specifically alleged in the petition in error, and the facts showing such misconduct sustained by affidavits filed in the

district court and brought to the attention of that court on the hearing of a motion for a new trial. The record before us contains no affidavits directed to the subject of the misconduct of the jury. We cannot therefore review this assignment because it is too general and indefinite; and if the assignment were specific we would still be unable to review it because not supported by affidavits as provided by section 317 of the Code of Civil Procedure.

3. "Accident and surprise against which ordinary prudence could not have guarded." What has been said under the second assignment of error disposes of this assignment.

4. "The verdict and decision are not sustained by sufficient evidence and are contrary to law." The evidence is somewhat unsatisfactory, and the case is one of those which appeals strongly to the sympathies of the court, but we are constrained to say that we think that the verdict has sufficient competent evidence to support it.

5. "The plaintiff has newly discovered evidence material for her which she could not, with reasonable diligence, have discovered and produced at the trial, the same being supported by affidavit." We cannot review this assignment because the affidavits filed in the court below by the plaintiff in error, in support of her motion for a new trial on the grounds of newly discovered evidence, are not incorporated in the bill of exceptions. It has been so many times decided by this court that affidavits used in support of a motion for a new trial, to be available here, must be incorporated in the bill of exceptions, that it is unnecessary to cite the cases.

6. "There were errors of law occurring at the trial and excepted to by plaintiff." This assignment is sufficient in a motion for a new trial to enable the district court to pass upon the question as to whether it erred in the admission or rejection of evidence, but under such an assignment in a petition in error this court cannot review anything.

7. "The court erred in giving to the jury on his own

motion the instructions numbered 1, 2, 3, 4, 4½, 5, 6, and the other instructions given by him, and the supplemental instructions given by him." The court did not err in giving all these instructions; and, where the assignment of error is that the court erred in giving all of a number of instructions, if any one of the instructions is good, the assignment must be overruled.

The judgment of the district court is

AFFIRMED.