FRED SCHELLY v. C. SCHWANK.

FILED APRIL 4, 1895.    No. 4672.

1. **Instructions:** ASSIGNMENTS OF ERROR. Where instructions are grouped in the respective paragraphs of a petition in error in which the giving or refusal to give them is assigned as error, such errors will be examined no further than to determine that of those given one was correct, or of the instructions refused the action as to one was not erroneous.

2. **Assignments of Error.** An assignment in a petition in error that "there was error of law occurring at the trial, duly excepted to" is not sufficient to obtain a review of the action of the court upon the admission of testimony.

3. **Review:** SUFFICIENCY OF EVIDENCE. Where there is sufficient evidence to sustain a verdict it will not be disturbed.

ERROR from the district court of Madison county. Tried below before POWERS, J.

*E. P. Weatherby* and *S. O. Campbell,* for plaintiff in error.

*Allen, Robinson & Reed, contra.*

HARRISON, J.

This action was commenced in the district court of Madison county by defendant in error against George Davis, and in the petition it was alleged, in substance, that on the 13th day of May, 1886, the firm of Wiegand & Stratman was indebted to defendant in error in the sum of $400, and executed and delivered to him for said amount a note and a mortgage of certain personal property to secure its payment, and on the next day defendant in error, or George Dopson, his agent, took possession of the mortgaged chattels and advertised them for sale, or was proceeding in the regular manner to foreclose the mortgage; that on the 3d day of July, of the same year, George Davis, the then sheriff of Madison county, by virtue of a writ of execution issued from the county court, levied on the property, took it into his possession, and converted the proceeds to his own use, thereby depriving the defendant in error of the security for the payment of the note, or debt evidenced by it. There was a further allegation of the insolvency of Wiegand & Stratman and each of them. The answer of the sheriff denied each and every allegation of the petition, except that there was a firm doing business under the name and style of Wiegand & Stratman, and that the members composing the firm were August Wiegand and Bernard Stratman, and the allegation in relation to insolvency, and alleged affirmatively that at the time he took and sold the goods and chattels described in the petition he was sheriff of Madison county, and did so as such officer and by virtue of an execution issued by the county judge of the said county upon a judgment which had been rendered in the county court in favor of Fred Schelly and against Wie-

gand & Stratman. The reply filed was a general denial. Before the trial of the cause the execution creditor, Fred Schelly, was substituted as defendant for and instead of George Davis. The case was tried to the court and a jury, the jury returning a verdict in favor of defendant in error, and after motion for new trial, filed on behalf of the adverse party, was submitted and overruled, judgment was rendered on the verdict and the case has been presented to this court for review.

It is assigned for error in the petition that "the court erred in giving the first, third, and fourth instructions asked by the plaintiff." In the motion for new trial this error was stated as follows: "The court erred in giving the instructions asked for by the plaintiff, to all of which the defendant then and there duly excepted." So far as the record discloses, there were but three instructions by request of defendant in error, and in the argument in the briefs filed by counsel for plaintiff in error it is not claimed that the third one was erroneous. All objection to it is therefore waived, and after examination we are satisfied that this instruction was correct and applicable, and, following the rule of this court, that where several instructions are grouped in an assignment of error relating to their giving, they will be examined no further than to ascertain that any one of them was correctly given, this assignment will not be further considered. (*Jenkins v. Mitchell*, 40 Neb., 664.)

Another allegation of the petition in this court is that "the court erred in refusing to give the first, second, and third instructions asked by defendant in the lower court." An examination of the instructions referred to in this assignment discloses that one, if not more of them, was fully covered by the instructions given by the court on its own motion, and this being determined, they will not be further considered, having been assigned collectively. (*Hewitt v. Commercial Banking Co.*, 40 Neb., 820; *Murphy v. Gould*, 40 Neb., 728.)

It is claimed that the court erred in admitting certain testimony. This is not referred to in any assignment in the petition in error unless it was intended to be included in the general statement that "there was error of law occuring at the trial, duly excepted to." This assignment was insufficient to obtain a review of the rulings of the district court on the admission of evidence. (*Houston v. City of Omaha*, 44 Neb., 63; *Risse v. Gasch*, 43 Neb., 287; *Mullen v. Morris*, 43 Neb., 592; *Murphy v. Gould*, 40 Neb., 728.)

The only further assignment of error is that the verdict is not sustained by sufficient evidence. From an examination of all the testimony it appears that there was a conflict on some of the points at issue in the case, but we are satisfied of its sufficiency to sustain the findings and verdict of the jury, including its conclusion upon the question of the amount of the recovery as stated in the verdict. It is the established rule that where there is ample evidence to sustain a verdict, or it is not clearly or manifestly wrong, it will not be disturbed; hence the verdict in this case must stand. (*Prewitt v. York County*, 43 Neb., 267.)

The judgment of the district court is

AFFIRMED.