ALBERT BUSHNELL V. CHARLES M. CHAMBERLAIN ET AL.

FILED APRIL 16, 1895.   No. 6368.

1. **Action for Value of Goods Sold:** JUDGMENT FOR DEFENDANTS: EVIDENCE. Evidence *held* to support the verdict and judgment.

2. **Instruction.** The refusal to give an instruction is not reversible error where the court has already stated substantially the same principle of law in another instruction.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J.

*S. P. Davidson*, for plaintiff in error.

*T. Appelget, contra.*

NORVAL, C. J.

This action was instituted in the court below by the plaintiff in error against Charles M. Chamberlain, James

R. Tober, and Charles M. Wilson, formerly partners under the firm name of the Cook Lumber Company, to recover the price and value of two cars of oak lumber alleged to have been sold and delivered by the plaintiff to the Cook Lumber Company. There was a trial to a jury, with a verdict and judgment in favor of the defendants.

It is contended that the evidence fails to support the verdict. Plaintiff resides at, and is engaged in the lumber business in, Kansas City, Missouri. For more than a year subsequent to April, 1890, the firm of Munson & Walker owned a lumber yard in the city of Lincoln, and during that time the plaintiff sold the firm on an average of about two cars of lumber per week, and the Cook Lumber Company also purchased a few car loads of lumber of Munson & Walker during the same period. The last named firm went out of business prior to February, 1892, but the members of the Cook Lumber Company were not aware of that fact until several weeks thereafter. In February, 1892, the last named company sent an order to Munson & Walker for two car loads of oak lumber, and some two weeks later, without further correspondence, the Cook Lumber Company received the same, believing that the order had been filled, and the shipment made, by Munson & Walker. The Cook Lumber Company held a note against said firm, and credited thereon the price of the lumber before the company had been apprised of the dissolution of the firm of Munson & Walker, or that the plaintiff claimed to have furnished the lumber in dispute. The testimony introduced on behalf of the plaintiff tends to show that during the last of February, 1892, he made arrangements with C. C. Munson, late of the firm of Munson & Walker, to act as his agent in the sale of lumber in Nebraska upon commission; that thereafter Mr. Munson placed an order with the the plaintiff for two car loads of oak lumber to be shipped to the Cook Lumber Company, which order was filled and the lumber shipped about the

4th of March following; that neither Walker nor Munson had any interest in said lumber, but in making out the invoice a mistake was made in having it billed to the Cook Lumber Company as sold by Munson individually, instead of by him as agent for plaintiff. It is undisputed that plaintiff has not received pay for any part of the shipment, excepting the freight on each car, which was deducted from the invoice. There was testimony on the part of the defendants conducing to show that they never ordered or purchased any lumber of the plaintiff or Mr. Munson, and that they never knowingly received any lumber from either of them. The invoice for the shipment was made out and dated in Lincoln, instead of Kansas City, the point from which it is claimed the lumber was shipped. There is no explanation given of this, or how the alleged mistake in the invoice occurred. No bill was ever rendered the defendants by the plaintiff for the material in dispute. While the evidence is not of the most satisfactory character, we cannot say that the verdict is clearly wrong, although we would have been as well content had the jury found for the other party.

Error is assigned because the trial court suppressed from the depositions of the plaintiff and Munson the evidence relating to the assignment by the latter to the former of the account for the lumber in controversy. We are unable to discover any prejudicial error in the ruling. The issue to be tried was whether the lumber was sold and delivered by plaintiff to the defendants. If it was, and by mistake the material was billed as having been sold by Munson, it required no formal assignment of the account to Mr. Bushnell by Munson in order to entitle the plaintiff to recover in the action. Therefore, the fact that there was a written assignment of the account is not important or material.

Complaint is made of the giving of this instruction: "If you find from the evidence that the defendants pur-

52

chased the bill of lumber charged in the petition from some other person or firm other than the plaintiff, and before receiving any knowledge of the claim of plaintiff in this lumber, and in good faith paid for the same to the person from whom they purchased, before they had any knowledge of plaintiff's claim in the lumber, then defendants would not be liable to plaintiff for said lumber." The vice imputed to this instruction is that it is not based upon the evidence—is not well taken. It assumed no fact not fairly within the testimony.

Exceptions were taken to the refusing of the plaintiff's first and second requests to charge, which are as follows:

"1. The court instructs the jury that if you believe from the evidence that the plaintiff sold the defendant, the Cook Lumber Company, the lumber mentioned in his petition through C. C. Munson, as agent, and that said lumber has not been paid for to the plaintiff, then the mere fact that said agent by mistake billed the lumber to the Cook Lumber Company as though it had been sold by him individually and not by plaintiff is no defense to this action. The further fact, also, that said Cook Lumber Company supposed they were buying the lumber from said C. C. Munson individually and not from the plaintiff through him as agent is no defense in this action.

"2. The court further instructs the jury that if they believe from the evidence that the plaintiff, being the owner of the lumber and the materials mentioned in the petition, sold the same to the Cook Lumber Company through his agent, C. C. Munson, and that said Cook Lumber Company has not paid for the same to said plaintiff and that said lumber was delivered to the said Cook Lumber Company as alleged, then you will find for the plaintiff an 1 assess his damages at what you believe from the evidence he is entitled to recover."

Although not couched in the same language, the court, by the first instruction substantially covered the same

ground.   In that instruction the court told the jury, in ef-
fect, that if they found from the evidence that the plaint-
iff by himself, or his duly authorized agent, delivered to
the defendants the two cars of lumber and they used the
same, the verdict should be for the plaintiff.   The court
having already stated the law of the case as enunciated in
the plaintiff's requests, it was not reversible error to refuse
to reiterate the same. (*Kopplekom v. Huffman*, 12 Neb.,
95; *Binfield v. State*, 15 Neb., 484; *Bradshaw v. State*, 17
Neb., 147; *Hodgman v. Thomas*, 37 Neb., 568; *Murphy
v. Gould*, 40 Neb., 728.)   The judgment is

AFFIRMED.